220-0031 Terry Janco Plaintiff Appellant v. Alden Township Defendant Appellee Arguing for the Appellant, Joseph G. Ryan Arguing for the Appellee, Stacey K. Shelley Thank you. My name is McLaren Brennan and Jorgensen. My name is Stacey Shelley. I represent Alton Township in this case. As Plaintiff's Council reviewed and as I'm sure you've read in the briefs, the procedural history in this case is pretty complicated and fairly convoluted. But ultimately, Plaintiff's Council and I do agree that the issue that actually has to be decided in this case, the fundamental issue on which this case turns, is whether Alton Township had actual or constructive notice of the pothole that Richard Dranko struck with his motorcycle on April 16, 2016. There is one count remaining pending. It is a straightforward claim of negligence. And in order for the Plaintiff to survive summary judgment in this case, she has to plead and demonstrate evidence of duty, breach, proximate cause, and damages. It's a Section 3102 case as to notice under the Illinois Tort Immunity Act because the defendant is a municipality. And in this case, one of the elements of 3102 that the Plaintiff has the burden to prove is notice, whether that be actual or constructive notice. And under 3102, the Township only has a duty to the Plaintiff if it had actual or constructive notice of an alleged defect. If the Plaintiff cannot demonstrate any evidence that Alton Township had actual or constructive notice of that alleged pothole on Nichols Road on April 16, 2016, then as a matter of law, under Section 3102, the Township had no duty to the Plaintiff and Alton Township is entitled to summary judgment. The only fact evidence offered by any witness in this case as to the age of that pothole was Bart Schnoley, the Highway Commissioner for Alton Township. On April 11th, five days before the subject accident, he did his weekly road check and he testified that the pothole was not there. At his deposition, he was specifically asked a question that the potholes noted by Mr. Janko in four exhibits that were marked at Mr. Janko's deposition, quote, those did not exist at that location on that roadway when you did your road check on Monday the 11th. And Mr. Schnoley replied, correct. There's no other fact witness testimony as to how long that pothole existed before Richard Janko hit it on April the 16th. The only evidence in this case offered by the Plaintiff as to the age of that pothole was the opinion evidence from his 213 F3 retained expert witness, Carl Chenoweth, who offered a version of the same opinion in three consecutive affidavits that he thought that pothole was, In the first two affidavits, he said likely formed invisible two to three weeks prior. In the third affidavit, he said more likely than not existed before April 11th, 2016 and did not offer an amount of time as to in that affidavit as to how long he thought it existed. For purposes here, I think that the first affidavit is simply not at issue. When the trial court denied the first motion to strike the first affidavit and denied summary judgment in March of 2019, the plaintiff nevertheless decided to file that second affidavit, even though it wasn't required. Subsequently, when the trial court vacated its March 7th, 2019 order, the plaintiff elected to withdraw the first affidavit. So even though the trial court said, well, I'm going to strike it, ultimately, the plaintiff made the decision to withdraw that affidavit and proceed on the second affidavit, which, while not refiled after that August, 2019 order by the court vacating the earlier order, is nevertheless what ultimately the trial court reviewed and proceeded on when it made its decision on summary judgment. So I think that leaves kind of three primary issues here. One, does the second affidavit satisfy the strict requirements of Rule 191A? And it does not. Two, did the trial court appropriately exercise its discretion to deny the plaintiff leave to file a third affidavit? And it did. And three, absent Chenoweth's opinions, is there any evidence that creates a question of fact, whether Alden Township had actual or constructive notice of the subject pothole, such to create a duty to the plaintiff under 3102 of the Tort Immunity Act? Under Rule 191A, the second affidavit must be strictly construed. It must consist entirely of facts admissible in evidence. The kind of Wilson v. Clark and Rule of Evidence 703 simply don't apply in this context, because as Robodeau and its progeny set forth at some length, you can't cross-examine an affidavit. In this case, the second affidavit consists of one paragraph that is essentially a conclusion. How long that pothole, or potholes, I guess, were likely formed invisible two to three weeks prior to April 16, 2016. And then four paragraphs of facts, none of which are actually admissible in evidence, or as noted by Justice Jorgensen, how they don't lead to the conclusion as to how long that pothole existed. With respect specifically to his reliance on, well, the second affidavit purports to rely on Bart Schnoley's deposition testimony and roadway diary, except if you actually look at how it is drafted, the opinion is not based on, actually either, it's not based on Bart's testimony. It's not based on the information contained in the roadway diary. We set forth in our brief why Mr. Chenoweth cannot rely on the information in the roadway diary, because that is the definition of hearsay. But even if he could rely on the information in the roadway diary, absent Bart Schnoley's testimony, he didn't, in fact, rely on it. What he did is Mr. Chenoweth put together an average of an average of temperatures that actually from April 11 to the day after the occurrence. But Mr. Schnoley didn't record the average temperatures for the week. He recorded a daily temperature. The other or the more significant problem, though, is that there's nothing in that opinion that says why it had to, why it formed in an earlier week, why it could not have formed in the week of April 11 to April 16. And as noted by Justice McLaren and as testified by Mr. Schnoley in his deposition, there is testimony about the likelihood of heavy truck traffic with spring planting going across that roadway and which could have formed that pothole in as little as a few hours to a few days. Mr. Chenoweth simply does not reckon with any of that testimony whatsoever. He simply ignores it. He never mentions it. And, you know, under the Berkey case versus Manilow, he can't do that. He cannot. In this case, the plaintiff cannot defeat summary judgment by simply offering speculation about what could happen in the face of unrebutted eyewitness testimony about what did happen. And I believe, as one of the justices noted, there's just no connective tissue between the opinions in that second affidavit and the conclusion in the second affidavit as to how long that pothole existed. Absent that, with respect to the third affidavit that plaintiff attempted to proffer during the ultimate argument on the motion for summary judgment in this case, the trial court had the discretion to deny leave to file that affidavit. Robodeau makes that very clear. But even apart from that, the trial court didn't actually absolutely deny the plaintiff leave to file a third affidavit. What Judge Meyer said at the previous. Your time is up. Would you please close. Oh, yes. I would simply like to note that the testimony of Bart Schnoely is unrebutted and it would be speculation to simply allow the jury to view the photographs and offer say that they bought the pothole existed longer than Bart Schnoely's unrebutted testimony said it did. Thank you. Justice Jorgensen, do you have any questions to counsel, I mean, we're at a motion for summary judgment we're not to weigh the evidence but to decide whether there is a material issue of fact. Yes, Your Honor. Oh, sorry. Good. No, I apologize. I will hear my question is, this is motion for summary judgment is there in a material issue of fact as to whether or not you had notice, regardless of the fact that the only testimony is unrebutted. No, Your Honor, there is not a question about notice because the only evidence as to the age of that pothole is unrebutted. This is not a constructive notice case. This is an actual notice case is the plaintiff mentioned a few times. Everyone agrees that Bart Schnoely did his road check on April 11 2016. His testimony was very clear, the potholes in the photographs taken by Richard Janko the day after the accident did not exist on April 11. And that has to be reckoned with, and it cannot summary judgment cannot be defeated by conjecture, guess or speculation, and absent the affidavit of channel with. There is no evidence as to the age of those potholes and it's not appropriate to hand the jury photographs and ask them to speculate how long those potholes seem like they existed. The trial court was clear that that evidence is unrebutted and the cases which plaintiff sites, specifically when versus lamb is no win versus lamb is clearly distinguishable from the facts in this case. That is a constructive notice case. We don't have constructive notice here under 3102 or frankly under a general premises liability analysis of constructive notice. Part of that is to demonstrate evidence as to the plaintiff and the plaintiff has the burden to do it demonstrate evidence, how long an alleged defect existed under 3102 has to be not only how long an alleged defect existed. But in reasonable time that the defendant could have done something about it. In this case, everybody agrees that Barchanelli was out there on April 11 so to the extent there. Plaintiff is trying to do anything. The question is, if that pothole existed on April 11 he had actual notice. Or not what the plaintiff has repeatedly asked this court repeatedly asked the trial court is asking to do here is essentially weigh the credibility of Barchanelli whether or not we should believe the unrebutted testimony and that is not the trial court's job in a motion for summary judgment to weigh the credibility of a witness. In this case, the plaintiff has the burden to demonstrate notice they failed to do that and it was appropriate for the trial court to grant summary judgment. Does the plaintiff have to show that you had time to remediate the pothole that apparently existed on 416. If that if this was a constructive notice case, yes, and the plaintiff has failed to demonstrate any evidence of that didn't argue any cases about it. So that issue is waived I would argue for purposes of appeal. I have nothing else justice McLaren Thank you. Thank you, Justice Brennan you have any questions. Based upon your discussion with Justice Jorgensen I do not. Thank you. Again, the issue of constructive notice if there was constructive notice. Was there any discussion as to a reasonable period of time in order for the defendant, and the highway commissioner to recognize the defect and do something about it. There's absolutely no evidence in the record as to that your honor, in part because the testimony virtually is unrebutted that it did not exist on April 11. Okay, I have no further questions. Does the panel have any other questions. I do not. I do not. Thank you. Thank you. Thank you. Thank you, Miss Shelly. Mr Ryan you have five minutes for rebuttal. Thank you, Your Honor. Let me start with that last point and whether or not there was any evidence that the defendant had time to remediate the defect. If he discovered it on April 11 of 2016. Mr Shelly himself testified that he had he found the defect in the condition it was on April 16 on April 11, he would have went out there immediately and remedied it. In fact, the day, Monday or Tuesday, after this incident, and I understand this would be a post remedial measure, but it could be offered for the limited purpose of what the panel just raised. So the day after or two days after the plaintiff's injury, Mr Shelly went out there and just did just that he repaid this area of the road. So if he had noticed it on Monday plaintiff's injury didn't happen to I believe a Saturday. He had time and could have in fact fixed the problem in those intervening days and in fact did so the day after or two days after the injury, and he testified that's what he would have done had he discovered it. Now, getting back to the issue of this this this notion that Mr Shelly's testimony was in cannot be challenged to me is is a little bit against the nature of our entire system. But the case cited by the defendant on this issue doesn't apply it has to do with some survival count in the medical medical malpractice case. But, nevertheless, newly his own testimony rebut his own testimony and let me explain what I mean by that. Again, we have the other evidence from the Rockford area. That's unreported. He recorded no rain or no snow events during those days. So surely is out there saying, well, I drove the 37 miles of roadway, I didn't see it. Moisture is what causes potholes and then we have this evidence that there was no moisture in the intervening days, surely his own testimony rebut newly testimony that the pothole wasn't there. So, if you accept plaintiff's position and again I don't believe the case cited by the defendant's position. I don't believe the case cited by the defendant on this issue stands for the proposition that she newly self serving statement can never be challenged. But if you accept that the jury or fact finder is is always going to be precluded from challenging the veracity of newly self serving statement that he did not see any defects at the location of the plaintiff's injury. During that road check and this was clear in his deposition. He is driving 37 miles of roadway first thing in the morning, at which time he's looking for dead animals debris fallen trees. He is not just serving the roadway, he's got his eyes on other things. There's cars going on that roadway in other directions, he's got to be paying attention for that. So, the fact that he, it cannot be challenged that he may have missed this pothole is ludicrous. But certainly, when we have newly his own testimony, saying that moisture is what causes these potholes, and then we have the testimony recorded in his roadway diary that there was no moisture on those intervening days that creates a question of fact in and of itself. Counsel did not mention at all the whether or not the evidence outside of channel was affidavit is sufficient to create a question of fact, I still believe very strongly that it is. In fact, that argument has come up, and it was actually brought up by defense counsel defense counsel actually stated in the initial motion to strike, and maybe even subsequent to that that Mr channel with opinion is not so sophisticated that a jury could not arrive at it independently. So if that is the case, we don't need channels opinion, defense counsel is right, a jury could look at this evidence, it can take the fact that surely was out there, it can take the fact that there was newly testified that moisture is what causes potholes, it could take the fact that there was no moisture on the 11th 1213 14th or 15th, and it was unseasonably warm, and it can take the fact that the deteriorated condition depicted in these photographs looks like it. Is very deteriorated, and the jury could reasonably infer from those pieces of evidence that this pothole predated that April 11 inspection, we're not talking about a case in which you know, like the pitman case where the plaintiff has to show that the pothole was there for many, many months. We know that she only was out there on the 11th. The only issue before this panel, and the only issue that was decided by the trial court was whether or not there was sufficient evidence of notice of that pothole being older than six days, and I submit to the panel. Your time is expired. You close please. Sure, thank you, Judge, I submit to the panel channel was affidavits did conform with Supreme Court rule 191 as initially ruled by the trial court on March 7, and independent of that there is sufficient evidence of notice of this pothole being in existence for six days. Prior to the injury sufficient to allow a jury to decide this case. I do believe the plaintiff deserves her day in court. And while there's arguments that can be made on both sides as to that limited issue of notice that issue needs to be decided by the finder effect. Thank you. Thank you, Justice Jorgensen. Do you have any questions. Two questions. You suggest that the highway commissioner puts in his diary that more testifies that moisture causes potholes. Did anybody asked him what else causes potholes. I believe he testified that which is in agreement with Mr channel was investigation that it's moisture and traffic that that cause potholes as well as the freezing, and the freeze and fall cycle. Right, so it's more than just moisture right. Well, it certainly can be more than just moisture. And I think we address kind of the, the traffic matter. Previously, I'm one of the other justices questions. Well, the point is this as is the highway commissioner never said that that is the sole source or cause of potholes. Right, well he said moisture, he said moisture and traffic. So, from his and those were his exact words. My question, did he ever say that moisture was the sole cause of a pothole. Yes or no. I don't believe he was ever asked if that was the. I don't believe he was ever asked if moisture is the sole cause. Did anybody ask him if he drove over the area where this accident occurred. Well, he testified he would drive all 37 miles of Township roadway. Well, he, he testified that he did drive all 37 miles of Township roadway, which would have included based on his testimony, this area. Okay. All right. I have no other questions then. Thank you, Justice Brennan Do you have any questions. No, I do not. Thank you. Really didn't answer Justice Jorgensen's question, she asked you, did he ever say, and you responded saying that he was never asked. So, would you please be more specific and indicate whether he did or did not say what Justice Jorgensen asked you about. If the former is was correct, then, or your, if your answer was correct, then should we assume that he voluntarily blurted out the statement or should we conclude that since he was never asked the question that he never answered the non question, and therefore, he didn't say it as she asked. I will certainly try to run her. The testimony is I recollected that he gave was moisture and traffic causes potholes. He was not asked to my recollection the follow up question can moisture alone cause potholes. I, I believe that the statement made by Mr Schoenle, like I said what was moisture and traffic. So taking that statement at face value. You would need both moisture and traffic. Thank you. I have no further questions. Are there any other questions from the panel. No, Justice McLaren, thank you. No, thank you. Thank you. The case will be taken under advisement, and a disposition rendered in apt time. Mr clerk you may close out the proceedings.